UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BENNY KENNEDY, ET AL.,            )
                                  )
           Plaintiffs,            )
                                  )    CIVIL ACTION NO.
VS.                               )
                                  )    3:17-CV-2264-G
JPMORGAN CHASE BANK, N.A.,        )
                                  )
           Defendant.             )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant JPMorgan Chase Bank, National Association ("Chase") to dismiss the claims of the plaintiffs Benny Kennedy, Sharon Kennedy, and Marci Clark (docket entry 5). For the reasons stated below, the motion is granted.

### I. BACKGROUND

The defendant, Chase, is a national banking association with its main office located in Columbus, Ohio. Defendant's Notice of Removal ("Notice") ¶ 11 (docket entry 1). The plaintiffs are individuals residing in Hunt County, Texas. Plaintiff's

[sic] Original Petition with Application for Temporary Restraining Order and Permanent Injunction ("Original Petition") ¶ 2 (docket entry 1, exhibit A-2).

On May 31, 2017, the plaintiffs commenced this suit in the 354th Judicial District Court of Hunt County, Texas. Notice ¶ 1. In their Original Petition, the plaintiffs assert two causes of action. In count one, the plaintiffs assert a breach of contract claim in light of the defendant's alleged violation of the terms of the parties' mortgage note. *See* Original Petition ¶ 22. Specifically, the plaintiffs allege that that the "[d]efendant breached [the] agreement by failing to review [the plaintiffs'] application for modification under the qualifying terms of the mortgage." *Id.* In count two, the plaintiffs assert a claim under the Real Estate Settlement Procedures Act ("RESPA") because, according to the plaintiffs, the defendant did not review their application for loss modification and failed to provide a good faith estimate of the settlement of the parties' mortgage note. *Id.* ¶ 25.

On August 25, 2017, the defendant, asserting both a federal question and diversity of citizenship as bases for subject matter jurisdiction, removed the case to federal court. Notice ¶¶ 5-11. On September 1, 2017, the defendant filed its motion to dismiss. Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss ("Chase's Motion"); Defendant's Brief in Support of its Motion to Dismiss ("Chase's Brief") (docket entry 6). Under rule 7.1(e) of the court's local rules, "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is

filed." To date, the plaintiffs have not filed a response to the defendant's motion to dismiss. Because the plaintiffs' 21-day time limit for filing a response has expired, the defendant's motion is ripe for decision.

## II. ANALYSIS

### A. Legal Standard

#### 1. *Rule 12(b)(6)*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff[s] must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s]." *Id.* (quoting *Martin K. Eby Construction*

*Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiffs must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

B.  Application

In pursuit of a wide variety of relief, including a temporary restraining order, a permanent injunction, and damages, the plaintiffs have asserted two claims against the defendant.  *See* Original Petition at 6.  In count one, the plaintiffs have asserted a claim against the defendant for breach of contract.  *Id.* ¶¶ 21-23.  In count two, the plaintiffs have asserted a claim against the defendant under RESPA, 12 U.S.C. § 2604(c).  *Id.* ¶¶ 24-26.

As to count one, the defendant argues that the court should dismiss the claim because the plaintiffs have failed to provide or identify any specific contractual provision the defendant allegedly violated.  *See* Defendant's Brief at 3.  As to count two, the defendant contends that the court should dismiss the claim because not only does § 2604 not apply to the parties' dealings, but § 2604 simply does not provide a private cause of action.  *Id.* at 4-5.  Chase also argues that the plaintiffs' request for temporary and permanent injunctive relief should be denied because the Original Petition does not state a claim upon which relief can be granted.  See *id.* at 5.  The court addresses each of the defendant's arguments in turn.

1.  *The plaintiffs' Original Petition fails to state a claim for breach of contract*

To prevail on a breach of contract claim under Texas law, the plaintiffs must demonstrate "(1) the existence of a valid contract; (2) performance tendered by the plaintiff[s]; (3) breach of the contract by [the] defendant; and (4) damages to the

plaintiff[s] resulting from that breach." *Covarrubias v. U.S. Bank, National Association*, No. 3:13-CV-3002-B, 2015 WL 221083, at *14 (N.D. Tex. Jan. 15, 2015) (Boyle, J.) (quoting *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.--Houston 1997, no pet.)). In addition to pleading the elements of their *prima facie* case, to survive a Rule 12(b)(6) challenge, plaintiffs must also point to a specific provision of a contract that the defendant allegedly breached. See *Chapa v. Chase Home Finance LLC*, No. C-10-359, 2010 WL 5186785, at *5 (S.D. Tex. Dec. 15, 2010) ("[B]ecause [the plaintiff] has failed to provide the loan documents and failed to indicate which loan documents -- let alone which provisions -- were breached, [the plaintiff] has failed to satisfy the pleading standards of Rule 8(a).").

Here, although the plaintiffs' Original Petition references the agreement and the terms that the defendant allegedly breached, the Original Petition nonetheless fails to provide sufficient specificity to survive a Rule 12(b)(6) challenge. In their Original Petition, the plaintiffs specify that the agreement the defendant allegedly breached was memorialized as a mortgage note. *See* Original Petition ¶ 22. While the plaintiffs did not attach any portion of the mortgage note, in their Original Petition the plaintiffs reference certain terms contained in the mortgage note, specifically those permitting the plaintiffs to apply for loss mitigation or modification. See *id.*

In essence, the breach of contract claim contained in the plaintiffs' Original Petition boils down to the following basic contention: because the mortgage note's terms permit the plaintiffs to apply for loss mitigation or modification, the defendant's failure to review the plaintiff's application constituted a breach of the parties' agreement. See *id.* But, without providing either the underlying mortgage note or greater factual specificity on the terms of the provision in question, the plaintiffs' bare assertions fail to "nudge" their claim "across the line from conceivable to plausible." See *Iqbal*, 556 U.S. at 679, 683.

Also, as the defendant points out in its motion, although in one section of the Original Petition the plaintiffs contend that the defendant breached the terms of the mortgage note because it failed to review their application, *see* Original Petition ¶ 22, in another section the plaintiffs allege that the defendant "continues to deny the modification," see *id.* ¶ 12. Even taking the plaintiffs' allegations as true and reading those allegations in the light most favorable to the plaintiffs, the court is unable to determine the root of the plaintiffs' complaint. From the Original Petition's language, it is unclear whether the plaintiffs brought this suit against Chase because it refused to review the plaintiffs' applications for modification or because Chase denied the plaintiffs' applications.

In sum, because the Original Petition lacks sufficient specificity as to the terms of the mortgage note the defendant allegedly breached, and because the Original

Petition's factual allegations are inconsistent, the court concludes that the plaintiffs have failed to state a claim for breach of contract. The defendant's motion to dismiss the plaintiffs' breach of contract claim is therefore granted.

2. *The plaintiffs' Original Petition fails to
state a claim under RESPA*

The plaintiffs' sole contention under RESPA is that the defendant's alleged failure to provide a good faith estimate of the settlement of the parties' mortgage note constituted a violation of 12 U.S.C. § 2604(c). *See* Original Petition ¶ 25. In response, the defendant argues, *inter alia*, that not only does § 2604(c) not apply to the plaintiffs' applications for loan modification -- it applies instead to applications to borrow money -- but also § 2604 simply does not provide a private right of action. *See* Chase's Brief at 4-5.

12 U.S.C. §§ 2603 and 2604 "outline the disclosures which lenders must provide borrowers, but they do not create a private cause of action against mortgage lenders who fail to make such disclosures." *Duke v. H & R Block Bank*, No. 10-CV-01927-REB-KLM, 2011 WL 1060656, at *4 (D. Colo. Mar. 8, 2011); see also *Flores v. Wells Fargo Bank, National Association*, No. 4:12-CV-77, 2013 WL 12140954, at *3 (E.D. Tex. Mar. 29, 2013) ("There is no private cause of action created by section 2604."). Because the plaintiffs' only RESPA claim invokes § 2604, a statutory provision that does not provide plaintiffs with a private cause of action, the court

concludes that count two of the plaintiffs' original complaint does not state a plausible claim for relief. The motion to dismiss on this ground is therefore granted.

3. *The plaintiffs' application for a Temporary Restraining Order and request for permanent injunction*

In its Original Petition, the plaintiffs requested that the state court grant a Temporary Restraining Order ("TRO") and, subsequently, a permanent injunction to forestall a foreclosure proceeding. *See* Original Petition ¶¶ 14-20. The plaintiffs specified that the foreclosure proceeding was scheduled for July 4, 2017. *Id.* ¶ 13. Although the plaintiffs' filed their Original Petition on May 31, 2017, the defendant did not remove the action to this court until August 25, 2017. *See* Notice ¶ 1. Because neither side has indicated that the foreclosure proceeding did not occur as scheduled, the plaintiffs' requests for a TRO and permanent injunction are denied as moot. See *Bayou Liberty Association v. United States Army Corps of Engineers*, 217 F.3d 393, 395 (5th Cir. 2000) ("We have consistently found that a request for injunctive relief is moot when the event sought to be enjoined has occurred.").

III. CONCLUSION

For the reasons stated above, the defendant's motion is **GRANTED**. The plaintiffs' breach of contract claim and RESPA claim are **DISMISSED** without prejudice. Further, the plaintiffs' requests for a TRO and permanent injunction are **DENIED**. The plaintiffs shall have leave to amend their complaint to cure the

pleading defects described above -- if they can-- provided that the plaintiffs' amended complaint is filed and served no later than **November 15, 2017.**

**SO ORDERED**.

November 3, 2017.

_____
**A. JOE FISH**
**Senior United States District Judge**